ARCHIBALD M. BOWMAN v. LOUIS E. HARTMAN ET AL.

1. AGENT TO PROCURE PURCHASER FOR PROPERTY PERFORMS CONTRACT, WHEN; ENTITLED TO COMMISSION, WHEN.

A person who enters into a contract with the owner of real estate whereby he agrees to procure a purchaser for the property, but is not to conduct the negotiations therefor, and is to receive for his services a certain commission based upon the price for which the property is sold, fully performs his contract by introducing a purchaser; and his right to compensation is not destroyed merely because the negotiations between the parties extended over a period of several months, and during such period there was a cessation of negotiations, it not appearing that the negotiations were declared off, and new negotiations subsequently taken up between the parties independent of the original introduction by the agent.

2. AGENT ENTITLED TO COMMISSION ALTHOUGH MODIFICATIONS MADE IN CONTRACT.

Where, in such case, the parties to the sale carry on negotiations themselves and make modifications in the contract from that originally contemplated by the owner and the agent, and a sale is made, under the modifications, in pursuance of the original introduction of the parties by the agent and resulting from it, the agent is entitled to his commission according to the amount of property that is sold, notwithstanding it is less than was contemplated at the time the agent was employed.

ERROR to Lucas common pleas court.

**Doyle, Lewis & Schaufelberger,** for plaintiff in error.

**Frank O'Farrell** and **H. C. Webster,** for defendant in error.

## HAYNES, J.

This case comes before us upon petition in error.

It appears from the pleadings and evidence in the case, that in May, 1903, the defendants in error were the owners of certain property situate in Wood county, and perhaps also in Sandusky county, used for the production of oil on which were located in the neighborhood of one hundred oil wells. The plaintiff in error was at that time employed in this city about the offices connected with the Buckeye Pipe Line Company; was familiar with oil matters and oil men to a large extent, and at or about this date he had some conversation with the defendants in regard to the furnishing to them of a purchaser for their oil property and that conversation resulted in an agreement whereby Bowman was to furnish a purchaser for the oil property and the defendants agreed to pay Bowman therefor a commission of 3 per cent upon the amount for which the property should be sold. Subsequently the property was sold —but not all of it—there being a certain number of wells omitted from the sale. By the terms of the understanding between the parties at the time this agreement was made, the plaintiff was only to produce a purchaser; the property was to be shown by the defendants and they were to make the contract of sale. No price was named to Bowman for which the property was to be sold, no statement made with regard to that; he had nothing to do but to produce a purchaser and introduce him to the defendants, who were to carry forward their own negotiations.

The case came on for trial in the court of common pleas; was heard upon the evidence of the plaintiff and at the conclusion of plaintiff's testimony, the court directed a verdict for the defendants; and this is the error that is complained of, mainly, it being claimed that the evidence was of such a nature that the case should have gone to the jury. It was claimed in the arguments before us that there had been certain negotiations carried on about May and soon after that time, for several days, and that afterwards the trade—as was claimed on behalf of defendants—was declared "off," or ended. On the other hand it was stated that there was a cessation of negotiations, which cessation continued perhaps until September, when the matter was resumed and the sale was concluded. There was testimony also tending to show that during this negotiation in May, Hartman and the purchaser, Ulsh, came to Mr. Bowman and said that they had nearly agreed upon a price for the sale of the property, the offer on one side being perhaps $111,000 or $112,000, and on the other side perhaps $107,000, there being $4,000 or $5,000 between the parties, and they said that his commissions would amount to a considerable sum of money and that stood

Bowman v. Hartman.

in the way of a consummation of the sale, and they asked him to make a reduction and he agreed upon an amount of reduction of his commission, if the sale was carried through, of some $2,500.

On the trial of the case in the court below the defendant offered certain testimony which the court refused to allow to go to the jury. There were quite a number of questions which were asked in regard to certain things which were done by Mr. Bowman in the way of procuring charts of this land, marking the property and matters of that kind —as to what he did in the way of giving information to Mr. Ulsh in regard to the property. Now, in regard to all of these matters—and I speak of them as a whole—we see no reason why they might not properly be admitted; indeed, we think if we were hearing the case, we should have allowed the testimony to go to the jury. But, at the same time, the contract as alleged by the plaintiff stands admitted by these defendants —it was not necessary to prove the contract, and the question in dispute is whether or not the contract has been performed and whether the plaintiff has done so much that he is entitled to recover under it. We think these questions were not material to the issue. They might give a little larger view to the court and jury as to the position of the parties in the case, but, after all, if the plaintiff recovers it will not be upon a statement of those facts but upon the fact that he had made a contract which was definite in its terms and capable of being understood, so that as to that evidence and whatever other points there are of evidence which were refused, or even admitted, we think, upon a careful survey of the record, there was no reversible error in the action of the court, although, if the court had permitted it to come in, we think it would have been very proper.

Now, as I have said, the court, at the conclusion of the plaintiff's testimony, directed a verdict for the defendants. In the statement which was made by the court in the nature of a charge to the jury, giving its reasons for so doing, it appears that the principal ground at least upon which it based its action was, that the contract was a contract for the sale of the whole of the property, or the production of a purchaser who would buy the whole of the property, and that inasmuch as some sixteen or seventeen wells had been left out of the final conclusion of the bargain and not included in the sale, that therefore the plaintiff had not performed the contract—that the contract had not been performed and the plaintiff was not in a position to recover. Now, as I have stated, the testimony shows that there was a cessation of these negotiations, but there was testimony offered on the part of the plaintiff that it was simply a cessation: I think the plaintiff inquired of him and was told by the purchaser that it was a cessation and that it was to

be resumed again, at any rate, it was resumed and was carried out in the manner stated.

Now it should be remembered in this case that the contract was, that plaintiff was simply to introduce a purchaser. The plaintiff was not expected to carry forward any of the negotiations; that was left to the parties themselves; they preferring to do that. They fixed their own price; they fixed the amount of property that they would sell him in the contract; the general agreement was, that plaintiff should produce a person who would negotiate for the purchase and he did produce such a person and the negotiations were entered into, and carried on, for a length of time and he finally revised the amount of his commission in case it was carried out, but the cessation occurred and then the negotiations were resumed.

Now we think there is evidence to show that this contract was never dropped; that these negotiations were never terminated; that the plaintiff was never notified in any manner or form that the trade was off or the negotiations ended; we think it still remained, and although the negotiations were not perfected in a day, nor even in a month, still we think there was evidence tending to show that these negotiations were still pending and were resumed and carried on in pursuance of the original negotiations which had been had and that the plaintiff was instrumental in introducing this purchaser to these parties and that the trade was consummated in pursuance of, and as a result of, that introduction.

A further point was made in the court below; that there had not been a sale of the whole property; that there had been a portion of the property left out in the final sale, and there was a citation of authorities. The case has been argued before us and counsel for the plaintiff in error has furnished us a brief with a very full citation of authorities and a great many of them in regard to this very question, and we think he shows that the law is well established that, where the parties carry on the negotiations themselves and make modifications in the contract, but still make a sale in pursuance of the original introduction of the parties and resulting from it, that the party is entitled to recover his commissions according to the amount of property that is sold.

Now, entertaining those views, and upon this statement and upon these authorities, we are of the opinion that the court of common pleas erred in directing a verdict by the jury and that the case should have been submitted to the jury upon the evidence in the case and the law as contained in the charge of the court.

The question of the amount of damages to be recovered, is not before us and there is nothing here that we need to discuss; that is a

Bowman v. Hartman.

matter which may arise during the trial of the case, to be decided by the court. The judgment of the court of common pleas will therefore be reversed, the verdict set aside and the case will be remanded to the court for a new trial and other proceedings according to law.

**Hull** and **Parker, JJ.,** concur.